## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : BANKRUPTCY NO. 16-11804(JKF) |
| BOHDAN MAKUCH | : CHAPTER 13 |
| | : |
| Debtor | : HEARING SCHEDULED FOR |
| | : JUNE 22, 2016 AT 9:30 A.M. |
| | : UNITED STATES BANKRUPTCY COURT |
| | : 900 MARKET STREET |
| | : PHILADELPHIA, PENNSYLVANIA 19107 |

### MOTION OF ALLY FINANCIAL INC. FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d) and 11 U.S.C. §1301(c)

TO THE HONORABLE JEAN K. FITZSIMON
OF THE BANKRUPTCY COURT:

Ally Financial Inc., by and through its attorneys, Lavin, O'Neil, Cedrone & DiSipio, hereby moves the Honorable Court for an Order pursuant to 11 U.S.C. §362(d) and 11 U.S.C. §1301(c) granting Ally Financial Inc. relief from the automatic stay and in support thereof avers:

1. Ally Financial Inc. is a corporation duly organized and in good standing under the laws of the States of Delaware and for purposes of this motion only, maintain a place of business at 4000 Lexington Avenue N, Suite 100, Shoreview, MN 55126.

2. On or about March 16, 2016, the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

3. On or about July 1, 2013, the Debtor and non-filing party Melissa Makuch executed and delivered to Arena Buick Pontiac GMC (the "Dealer"), a Retail Installment Sale Contract (the "Contract") in consideration of the purchase price of a 2007 Acura MDX,

VIN: 2HNYD28247H514801 (the "Vehicle"). A true and correct copy of the Contract is attached hereto and incorporated herein as Exhibit "A".

4.  Dealer assigned the Contract to Ally Financial Inc. whereby the Debtor became obligated to Ally Financial Inc. under the terms of the Contract. A copy of the Vehicle's Electronic Title is attached hereto and incorporated herein as Exhibit "B".

5.  Under the terms of the Contract, the Debtor agreed to pay the principal sum of $18,444.02, plus finance charges calculated at an annual percentage rate of 17.30% by remitting seventy-two (72) payments in the amount of $413.41 each beginning July 31, 2013.

6.  As of and including the April 30, 2016 due Contract payment, Debtor is in arrears to Ally Financial Inc. for $2,496.76.

7.  The Plan does not provide for Ally Financial Inc.'s claim.

8.  The Contract requires the Debtor to maintain verifiable insurance coverage on the Vehicle and as of the date of this motion, Ally Financial Inc. has been unable to verify insurance for the Vehicle.

9.  Movant, Ally Financial Inc. requests the Court award Ally Financial Inc. reimbursement in the amount of $500.00 for the legal fees and costs associated with this motion.

10. The Debtor has defaulted on his obligations to Ally Financial Inc. under the Contract by reason of the foregoing, Ally Financial Inc. is entitled to immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) and 11 U.S.C. §1301(a) for cause, including lack of adequate protection.

WHEREFORE, Ally Financial Inc. moves this Honorable Court to enter an Order:

    A.    Terminating the automatic stay as to Ally Financial Inc. with respect to the Vehicle;

B. Terminating the stay imposed by 11 U.S.C. §1301(c) as to Ally Financial Inc. as to the Vehicle and Co-Debtor, Melissa Makuch;

C. Permitting Ally Financial Inc. to take such actions and seek such remedies to recover the Vehicle as are permitted by the Contract, the Pennsylvania Uniform Commercial Code and other applicable laws; and

D. Granting such other and further relief as this Court may deem just and proper.

LAVIN, O'NEIL, CEDRONE & DiSIPIO

DATED: May 17, 2016          By: /s/ Regina Cohen
                                 Regina Cohen, Esquire
                                 Attorneys for Ally Financial Inc.